QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Randa A.F. Osman (Bar No. 150798)
   randaosman@quinnemanuel.com
   Justin Griffin (Bar No. 234675)
   justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Defendant
WOCKHARDT LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| WYETH, a Delaware Corporation,<br><br><br>Plaintiff,<br><br>vs.<br><br><br>WOCKHARDT LIMITED, an Indian company,<br><br><br>Defendant. | CASE NO. 07-5166-JVS<br><br>**WOCKHARDT LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER**<br><br>Date:   December 10, 2007<br>Time:   1:30 p.m.<br>Judge:  Hon. James V. Selna<br><br>Trial Date:   Not Yet Set |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   FACTUAL BACKGROUND ...................................................................... 2

    A.    Wyeth ............................................................................................... 2

    B.    Wockhardt Limited .......................................................................... 3

    C.    Wockhardt Limited's Abbreviated New Drug Application .............. 4

    D.    Wockhardt USA ............................................................................... 5

III.  ARGUMENT ............................................................................................. 6

    A.    The Law of Personal Jurisdiction .................................................... 7

    B.    India-Based Wockhardt Limited Does Not Have "Continuous and Systematic" or "Substantial" Contacts With California .................. 8

    C.    Wockhardt USA's Contacts Cannot Be Imputed to Wockhardt Limited ........................................................................................... 10

        1.    Wockhardt USA Is Not The Alter Ego of Wockhardt Limited ................................................................................... 11

        2.    Wockhardt USA Is Not The Agent Of Wockhardt Limited ....... 13

    D.    The Court Does Not Have General Jurisdiction Over Wockhardt USA .................................................................................................. 14

    E.    The Exercise of General Jurisdiction Would Be Unreasonable ........... 16

        1.    Wockhardt Limited Has Not Purposefully Interjected Itself Into California ......................................................................... 17

        2.    The Burden On Wockhardt Limited of Defending In California Is Substantial ........................................................ 17

        3.    Conflict with Sovereignty of Defendant's State ..................... 17

        4.    California Has No Interest In Adjudicating This Dispute ......... 17

        5.    The Efficiency Factor Favors New Jersey ............................... 18

        6.    Plaintiff's Interests Should Favor New Jersey, Not The Central District of California ................................................... 18

        7.    The District of New Jersey Is Available As An Alternative Forum ...................................................................................... 19

8.      Balancing the Reasonableness Factors .......................................... 19

F.      The Assertion of Jurisdiction Pursuant To The Federal Long-Arm Statute Is Improper ..................................................................... 19

G.      The Court May Transfer This Action To The District of New Jersey .............................................................................................. 20

IV.     CONCLUSION ............................................................................................ 22

Case No. 07-5166-JVS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S MOTION TO DISMISS OR TRANSFER**

# TABLE OF AUTHORITIES

**Page**

## Cases

Akro Corp. v. Luker,
  45 F.3d 1541 (Fed. Cir. 1995) ............................................................... 7

Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,
  1 F.3d 848 (9th Cir. 1993) ............................................................ 10, 16

Asahi Metal Industry Co., Ltd. v. Superior Court,
  480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) ................. 8, 17, 22

Associated Vendors, Inc. v. Oakland Meat Co.,
  210 Cal. App. 2d 825 (Cal. Ct. App. 1963) ......................................... 12

Bancroft & Masters, Inc. v. Augusta Nat. Inc.,
  223 F.3d 1082 (9th Cir. 2000) ............................................................ 8, 9

Bauman v. Daimlerchrysler,
  AG, No. C-04-00194 RMW, 2005 WL 3157472, at *12
  (N.D. Cal. Nov. 22, 2005) ................................................................... 13

Bauman v. Daimlerchrysler,
  AG, No. C-04-00194 RMW, 2007 WL 486389, at *2
  (N.D. Cal. Feb. 12, 2007) ............................................................... 13, 14

Beverly Hills Fan Co. v. Royal Sovereign Corp.,
  21 F.3d 1558 (Fed. Cir. 1994) .............................................................. 7

Burger King Corp. v. Rudewicz,
  471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) .......... 7, 8, 16, 17

Calvert v. Huckins,
  875 F. Supp. 674 (E.D. Cal. 1995) ...................................................... 11

Cargnani v. Pewag Austria G.m.b.H.,
  No. CIV. S-05-0133 WBS JFM, 2007 WL. 415992
  (E.D. Cal. Feb. 5, 2007) ..................................................................... 13

Chan v. Society Expeditions, Inc.,
  39 F.3d 1398 (9th Cir. 1994) .............................................................. 13

Congoleum Corp. v. DLW Aktiengesellschaft,
  729 F.2d 1240 (9th Cir. 1984) .......................................... 10, 15, 16, 22

Costa v. Keppel Singmarine Dockyard PTE, Ltd.,
  No. CV 01-11015MMM, 2003 WL. 24242419
  (C.D. Cal. Apr. 24, 2003) ........................................................ 9, 15, 16

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S MOTION TO DISMISS OR TRANSFER**

Dainippon Screen Mfg. Co. v. CFMT, Inc.,
    142 F.3d 1266 (Fed. Cir. 1998) ..................................................................... 7

DeFazio v. Hollister Employee Share Ownership Trust,
    406 F. Supp. 2d 1085 (E.D. Cal. 2005) ....................................................... 21

Decker Coal Co. v. Commonwealth Edison,
    805 F.2d 834 (9th Cir. 1986) ........................................................................ 21

Doe v. Unocal Corp.,
    248 F.3d 915 (9th Cir. 2001) ..................................................... 11, 12, 13, 14, 20

Dole Food Co. v. Patrickson,
    538 U.S. 468, 123 S. Ct. 1655, 155 L. Ed. 2d 643 (2003) ........................... 11

Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.,
    828 F.2d 1439 (9th Cir. 1987) ................................................................. 18, 19

Fireman's Fund Ins. Co. v. National Bank of Coops.,
    103 F.3d 888 (9th Cir. 1996) ......................................................................... 7

Fru-Con Const. Corp. v. Sacramento Munic. Util. Dist.,
    No. CIV. S-05-583 LKK/GGH, 2007 WL. 2384841
    (E.D. Cal. Aug. 17, 2007) ....................................................................... 12, 13

Goldlawr, Inc. v. Heiman,
    369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) .................................... 20

Helicopteros Nacionales de Columbia, S.A. v. Hall,
    466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ............................ 8, 9

Holland America Line Inc. v. Watsila North America, Inc.,
    485 F.3d 450 (9th Cir. 2007) ................................................................. 19, 20

Glater v. Eli Lilly & Co.,
    744 F.2d 213 (1st Cir. 1984) ........................................................................ 15

International Shoe v. Washington,
    326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ................................... 7, 15

Monaco v. Liberty Life Assur. Co.,
    2007 WL. 1140460 (N.D. Cal. Apr. 17, 2007) ........................................... 12

Panduit Corp. v. All States Plastic Mfg. Co., Inc.,
    744 F.2d 1564 (Fed. Cir. 1984) ................................................................... 11

Piper Aircraft Co. v. Reyno,
    454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981) .......................... 19, 21

Richardson-Merrell, Inc. v. Koller,
    472 U.S. 424, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985) ............................ 11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S
MOTION TO DISMISS OR TRANSFER**

Shute v. Carnival Cruise Lines,
   897 F.2d 377 (9th Cir. 1990) ...................................................................... 10

Stairmaster Sports/Med. Prod., Inc. v. Pacific Fitness Corp.,
   916 F. Supp. 1049 (W.D. Wash. 1994) ....................................................... 10

World Wide Volkswagen Corp. v. Woodson,
   444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) ............................... 17

Wyeth v. Anchen Pharmaceuticals et al.,
   Case Nos. 06-386 ........................................................................................ 18

Wyeth v. Teva Pharmaceuticals USA, Inc. et al.,
   U.S.D.C. D.N.J. Case No. 03-cv-1293 (WJM) ........................................... 18

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................ 2, 21

28 U.S.C. § 1406 ........................................................................................... 2, 20

28 U.S.C. § 1406(a) ............................................................................................ 20

Cal. Civ. Proc. Code § 410.10 (West 1997) ........................................................ 7

Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act, 21
U.S.C. § 355(j) .................................................................................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................. 1, 19

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S
MOTION TO DISMISS OR TRANSFER**

## I.    INTRODUCTION

Wockhardt Limited, an Indian company with no offices or employees in the State of California, moves to dismiss the Complaint for lack of personal jurisdiction or, alternatively, to transfer this action to the United States District Court for the District of New Jersey.  The motion should be granted because Wockhardt Limited has virtually no contacts with the State of California, and there is no basis for personal jurisdiction.

Wyeth filed this action for patent infringement after Wockhardt Limited filed an Abbreviated New Drug Application seeking FDA approval of a generic version of a Wyeth drug used to treat depression – venlafaxine extended release tablets. Wockhardt Limited is a foreign company organized under the laws of India. Wockhardt Limited has no offices or other facilities in California, and it has no other direct contacts with the State of California.  None of the activities leading up to the filing of Wockhardt's Abbreviated New Drug Application occurred in California and, since this is a case where litigation was commenced before FDA approval of the product in question, there have been no sales of the product in California.

Because neither Wockhardt Limited nor the filing of its Abbreviated New Drug Application has any relationship to California, this Court lacks personal jurisdiction over Wockhardt Limited and the Complaint must be dismissed.  *See* Fed. R. Civ. P. 12(b)(2).

Wyeth's own allegations establish the lack of contacts between either its claims or Wockhardt Limited and the State of California.  *See* Cmplt. ¶¶ 7-8.  First, conceding that its claims do not arise out of any activity in California, Wyeth alleges only general jurisdiction.  It does not allege specific jurisdiction.  *See* Cmplt. ¶ 8. Wyeth's attempt to plead general jurisdiction over Wockhardt Limited in this District is itself fatally flawed.  Indeed, Wyeth fails to allege *any* direct contacts between India-based Wockhardt Limited and California.  Lacking any facts to allege

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S MOTION TO DISMISS OR TRANSFER**

specific or general jurisdiction over Wockhardt Limited, Wyeth seeks to impute jurisdiction over Wockhardt Limited as a result of certain limited contacts between California and one of Wockhardt Limited's indirect subsidiaries, New Jersey-based Wockhardt USA, Inc.  This effort to manufacture personal jurisdiction where none properly exists should be rejected.

Wockhardt USA, Inc. is not an alter ego of Wockhardt Limited, and Wyeth fails to allege any adequate basis for disregarding corporate forms and imputing Wockhardt USA, Inc.'s contacts to Wockhardt Limited.  Simply put, Wyeth cannot meet the high burden of establishing that there is general jurisdiction in the State of California over India-based Wockhardt Limited based on the activities of Wockhardt USA, Inc.

Wyeth could have commenced this action in an appropriate forum within the United States, such as New Jersey.  Wyeth itself is headquartered there, and Wockhardt Limited's only U.S. based staff – three to four employees – work out of the Bedminster, New Jersey offices of Wockhardt USA, Inc.  Accordingly, in the alternative to dismissal, Wockhardt Limited seeks transfer of the instant action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406.

## II.    FACTUAL BACKGROUND

### A.    Wyeth

Wyeth is a Delaware corporation located in Madison, New Jersey.  Cmplt. ¶ 1.  Wyeth alleges that it is the owner by assignment of three patents asserted in the instant litigation: United States Patent No. 6,274,171 B1, entitled "Extended Release Formulation of Venlafaxine Hydrochloride"; United States Patent No. 6,403,120 B1, entitled  "Extended Release Formulation of Venlafaxine Hydrochloride"; and United States Patent No. 6,419,958 B2, entitled "Extended Release Formulation of Venlafaxine Hydrochloride."  Cmplt. ¶¶ 14, 26, 38.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S MOTION TO DISMISS OR TRANSFER**

Wyeth also alleges that one of its divisions, now known as Wyeth Pharmaceuticals, is the holder of the approved New Drug Application ("NDA") No. 20-699 for EFFEXOR® XR Capsules, an extended release dosage form containing venlafaxine hydrochloride.  Cmplt. ¶ 10.  According to the website available at www.Wyeth.com, Wyeth Pharmaceuticals' Worldwide Headquarters is located in Collegeville, Pennsylvania, with other Wyeth Pharmaceuticals locations in Massachusetts, New York, North Carolina and Virginia.  Req. for Judicial Notice ("RJN"), Ex. A.

**B.     Wockhardt Limited**

Wockhardt Limited is a global pharmaceutical and biotechnology company duly organized and existing under the laws of India.  Decl. of Rajiv Gandhi ("Gandhi Decl.") at ¶ 3.  Its principal place of business is in Mumbai, Maharashtra, India. *Id.* ¶ 4.  Wockhardt Limited's research and manufacturing facilities are also in India. *Id.* ¶ 6.

Through its affiliates or subsidiaries, Wockhardt Limited has manufacturing facilities in Ireland, the United Kingdom, France and Illinois as well as research facilities in the United Kingdom and France. *Id.* ¶ 6.  Wockhardt Limited has no research facilities in the United States. *Id.* ¶ 7.

**1.     Sales Of Wockhardt Limited Products In The United States**

Certain of Wockhardt Limited's pharmaceutical products are marketed and sold in the United States by Wockhardt USA, Inc. ("Wockhardt USA"). *See* Gandhi Decl. ¶ 8.  Wockhardt USA was not formed until 2004. *Id.*  Prior to 2004, Wockhardt Limited's products were sold in the United States by third-party companies with whom Wockhardt Limited had entered strategic alliances or marketing joint ventures. *Id.*

In 2006, only about 10% of Wockhardt Limited's annual revenues came from product sold in the United States. *Id.* ¶ 9.

## 2.     Lack Of Contacts With California

Wockhardt Limited has no offices in the State of California and does not own or lease any property in California.  Gandhi Decl. ¶ 10.  Wockhardt Limited is not registered to do business in California and is not licensed with any California governmental agency.  *Id.*  Wockhardt Limited does not have an appointed agent for service of process in California and does not employ any personnel who reside in California.  *Id.* ¶¶ 10-11.  Wockhardt Limited does not have a mailing address or telephone directory listing in California.  *Id.* ¶ 13.  Additionally, Wockhardt Limited does not owe or pay any taxes to the State of California and does not maintain any accounts with any California banks.  *Id.* ¶ 14.

### C.     Wockhardt Limited's Abbreviated New Drug Application

Pursuant to the provisions of the Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j), Wockhardt Limited has filed an Abbreviated New Drug Application ("ANDA") seeking FDA approval to market venlafaxine HCL extended release capsules (37.5 mg, 75 mg, and 150 mg) (referred to herein as the "proposed Venlafaxine Products") in the United States.  Decl. of Yatendra Kumar ("Kumar Decl.") ¶ 3.

Wockhardt Limited conducted all research and development related to its proposed Venlafaxine Products in India.  Kumar Decl. ¶ 5.  It manufactured, tested, and packaged the ANDA batches of the proposed Venlafaxine Products at its facility in Aurangabad, India.  *Id.* ¶ 8.  The active pharmaceutical ingredient, venlafaxine hydrochloride, used to produce the ANDA batches of the proposed Venlafaxine Products was also manufactured in India.  *Id.* ¶ 7. The required bioequivalence studies for the proposed Velafaxine Products were conducted by Wockhardt Limited employees in India.  *Id.* ¶ 6.  The ANDA that Wockhardt Limited submitted to the United States FDA was prepared by Wockhardt Limited in India.  *Id.* ¶ 9.

Wockhardt Limited's ANDA is under review by the FDA and has not yet been approved.  *Id.* ¶ 11.  As such, Wockhardt Limited's proposed Venlafaxine Products

have not yet been used, sold, or offered for sale anywhere in the United States. *Id.* ¶ 12.

### D.   Wockhardt USA

Wockhardt USA is a wholly-owned subsidiary of Wockhardt Switzerland Holdings AG, a Swiss holding company, which is a wholly-owned subsidiary of Wockhardt Limited.  Decl. of Kurt Orlofski ("Orlofski Decl.") ¶ 3.  Wockhardt USA is incorporated in Delaware, and its principal place of business is in Bedminster, New Jersey. *Id.* ¶ 3.  Wockhardt USA controls its own bank accounts, maintains its own books and records, prepares its own audited financial statements, and submits its own tax returns.  *Id.* ¶¶ 11-12.  Further, Wockhardt USA is adequately capitalized. *Id.* ¶ 13.

Wockhardt USA markets and sells Wockhardt Limited products in the United States. *Id.* ¶ 4.  Wockhardt USA itself does not ship product to its customers, but instead out-sources all product distribution to a third-party distributor located in Kentucky. *Id.* ¶ 5.  Wockhardt USA does not conduct any research, development, or manufacturing activities in the United States or elsewhere. *Id.* ¶ 6.  Wockhardt USA has no substantive involvement in the preparation of any ANDAs for new pharmaceutical products.  *Id.* ¶¶ 8.  Wockhardt Limited, not Wockhardt USA, prepared the ANDA at issue in this case.  Kumar Decl. ¶ 9.

Wyeth alleges that Wockhardt USA "maintains a place of business" in California.  Cmplt. ¶ 7.  It does not.  Wockhardt USA does not have any company offices in California and does not own or lease any property in California.  Orlofski Decl. ¶ 16.  Wockhardt USA is also not registered to do business in the State of California and does not have an appointed agent for service of process in California. *Id.* ¶¶ 17-18.

1   A single Wockhardt USA employee, Mr. Robert Watson, resides in
2   California.[1]  *Id.* ¶ 21; Decl. of Robert Watson ("Watson Decl.") ¶ 5.  Mr. Watson,
3   Vice President of National Accounts for Wockhardt USA, is responsible for certain
4   sales and marketing activities on behalf of Wockhardt USA.  Watson Decl. ¶ 2.  Mr.
5   Watson is identified on Wockhardt USA's website as the contact for sales and
6   marketing.  *See* Cmplt. ¶ 7.  The Folsom, California address listed for Mr. Watson is
7   his home address – an address that he had before he became an employee of
8   Wockhardt USA and at which he keeps a home office.  Watson Decl. ¶¶ 5-6.  Mr.
9   Watson continues to reside in California by his own choice.  *Id.* ¶ 5.  Wockhardt
10  USA neither pays rent for nor owns Mr. Watson's home office.  *Id.* ¶ 6.

11  Mr. Watson is an employee of Wockhardt USA, not Wockhardt Limited.  *Id.*
12  ¶ 4.  Mr. Watson reports to the Vice President of Sales of Wockhardt USA, who in
13  turn reports to the President of Wockhardt USA.  *Id.* ¶ 3; Orlofski Decl. ¶ 15.  Mr.
14  Watson does not report to anyone at Wockhardt Limited and no one at Wockhardt
15  Limited directs Mr. Watson's activities in California or elsewhere in the United
16  States.  Watson Decl. ¶¶ 3-4.

17  **III.   ARGUMENT**

18  Wyeth asks this Court to exercise general jurisdiction over Wockhardt
19  Limited without alleging a single direct contact between Wockhardt Limited and
20  California.   Incredibly, Wyeth seeks to establish general jurisdiction over
21  Wockhardt Limited by (i) alleging limited contacts between a separate, subsidiary
22  corporation and California; and (ii) asserting that those limited contacts should be

23

24

25  [1]  Due to Mr. Watson's residence in California, Wockhardt USA pays payroll
26  taxes in the State of California.  Orlofski Decl. ¶ 22.  Mr. Watson is the only
    Wockhardt USA employee located in California and for whom Wockhardt USA
27  must pay California payroll taxes.  *Id.*

28

1   imputed to Wockhardt Limited.  Neither is sufficient to establish general jurisdiction

2   in California over Wockhardt Limited.

3   **A.  The Law of Personal Jurisdiction**

4        For a defendant to be subject to personal jurisdiction, a plaintiff must

5   demonstrate that the defendant has purposefully availed itself of the privilege of

6   conducting activities within the forum state, thus invoking the benefits and

7   protections of its laws. *International Shoe v. Washington*, 326 U.S. 310, 316, 66

8   S.Ct. 154, 90 L. Ed. 95 (1945).  Even if the plaintiff can make this showing, the

9   defendant may still defeat jurisdiction by showing that its exercise would be

10  unreasonable and contrary to the concepts of fair play and substantial justice.

11  *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1568 (Fed. Cir.

12  1994).

13       When evaluating personal jurisdiction in a case arising under the patent laws,

14  the law of the United States Court of Appeals for the Federal Circuit applies. *Akro*

15  *Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).  Under Federal Circuit law,

16  determining whether personal jurisdiction exists over an out-of-state patent

17  defendant involves two inquiries: (1) whether the forum state's long-arm statute

18  permits service; and (2) whether the assertion of personal jurisdiction would violate

19  due process. *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1269 (Fed.

20  Cir. 1998) (citing *Burger King Corp. v. Rudewicz*, 471 U.S. 462, 472-76, 105 S. Ct.

21  2174, 85 L. Ed. 2d 528 (1985)).  California's long-arm statute is coextensive with

22  the limits of due process. *See* Cal. Civ. Proc. Code § 410.10 (West 1997); *see also*

23  *Fireman's Fund Ins. Co. v. National Bank of Coops.*, 103 F.3d 888, 893 (9th Cir.

24  1996); *Dainippon*, 142 F.3d at 1270. Accordingly, the only relevant inquiry in this

25  case is whether exercising personal jurisdiction over Wockhardt Limited in

26  California would comport with federal due process. *Fireman's Fund Ins. Co.*, 103

27  F.3d at 893 (9th Cir. 1996); *Dainippon*, 142 F.3d at 1270.  As shown below, it

28  would not.

1   There are two types of jurisdiction: (1) "specific" jurisdiction and (2)

2   "general" jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S.

3   408, 416-17, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Specific jurisdiction exists

4   when the cause of action arises directly from the defendant's contacts with the

5   forum. *Burger King*, 471 U.S. at 473 n.15. Here, this ANDA action does not arise

6   out of any activities in California, and Wyeth has not alleged specific jurisdiction.

7   Cmplt. ¶ 6-8.

8   Wyeth alleges only general jurisdiction. Cmplt. ¶ 8. Wyeth must therefore

9   meet the "high" burden of establishing general jurisdiction. *Bancroft & Masters,*

10  *Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). General jurisdiction

11  exists only when the defendant's contacts with the forum state are "substantial" or

12  "continuous and systematic." *Helicopteros*, 466 U.S. at 416-17. Courts have further

13  explained that, to be sufficient for a finding of general jurisdiction, a defendant's

14  contacts with the forum must be "of the sort that approximate physical presence."

15  *Bancroft,* 223 F.3d at 1086.

16  The general jurisdiction analysis is a two-part test. *Asahi Metal Industry Co.,*

17  *Ltd. v. Superior Court*, 480 U.S. 102, 108-09, 113, 107 S. Ct. 1026, 94 L. Ed. 2d 92

18  (1987). First, the Court must conclude that the defendant has the requisite contacts

19  with the forum state. *Id.* at 108-09. Second, the Court must conclude that the

20  assertion of jurisdiction over the defendant is reasonable. *Id.* at 113. Failure of

21  either test will defeat jurisdiction. *Id.* at 115-116. Here, neither test is satisfied.

22  Wyeth alleges no direct contacts between Wockhardt Limited and this forum, let

23  alone "continuous and systematic" or "substantial" contacts. Moreover, it would be

24  unreasonable for this Court to exercise general jurisdiction over Wockhardt Limited.

25  **B.    India-Based Wockhardt Limited Does Not Have "Continuous and**
        **Systematic" or "Substantial" Contacts With California**

26

27  Wyeth has not alleged, and cannot establish, the type of "continuous and

28  systematic" or "substantial" contacts with California that would "approximate

physical presence within the state" by India-based Wockhardt Limited. To determine whether a defendant's contacts with a forum state are sufficient for general jurisdiction, a court must examine a number of factors, including whether the defendant has an office or employees located in the state, owns real or personal property there, is licensed to do business in the state, is incorporated in the state, has designated an agent for service of process in the state, has entered into contracts within the state, owes or pays taxes to the state, holds bank accounts in the state, maintains records in the state, serves the state's markets, or solicits or engages in business there. *See Helicopteros*, 466 U.S. at 411; *Bancroft*, 223 F.3d at 1086.

Examining the facts in this case demonstrates the paucity of contacts between Wockhardt Limited and California. Wockhardt Limited is organized under the laws of India and keeps its principal place of business in Mumbai, Maharashtra, India. Gandhi Decl. ¶¶ 3-4. Wockhardt Limited has no office or any other place of business in California. *Id.* ¶ 10. Wockhardt Limited has no employees in California. *Id.* ¶ 11. Wockhardt Limited does not own or lease any property in California. *Id.* ¶ 10. Wockhardt Limited is not registered or licensed to do business in California and does not have a registered agent for service of process in California. *Id.* ¶¶ 10, 12. Wockhardt Limited also does not owe or pay any taxes to the State of California and does not maintain any accounts with a California bank. *Id.* ¶¶ 14-15. Wockhardt Limited does not even have a mailing address or a telephone directory listing in California. *Id.* ¶ 13.

Faced with these facts, Wyeth seeks to base general jurisdiction on the sale of Wockhardt Limited products throughout the United States, including in California. *See* Cmplt. ¶ 6. However, "[c]ourts have routinely rejected the suggestion that generating substantial revenue from the sale of products or services to forum state residents is by itself sufficient to support the exercise of general jurisdiction." *Costa v. Keppel Singmarine Dockyard PTE, Ltd.*, No. CV 01-11015MMM, 2003 WL 24242419, *10 (C.D. Cal. Apr. 24, 2003) (collecting authority). For example, the

Federal Circuit has declined to find general jurisdiction unless there is both contact approximating physical presence in the state *and* the level of sales is substantial. *See, e.g., Stairmaster Sports/Med. Prod., Inc. v. Pacific Fitness Corp.*, 916 F. Supp. 1049, 1053 (W.D. Wash. 1994), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996). In *Stairmaster Sports/Med. Prod.,*, the Federal Circuit affirmed without opinion a district court's determination that three percent of sales in the forum state was insufficient to establish general jurisdiction. *Id.* ("Pacific does not have offices in Washington, is not registered to do business here, does not own property here, . . . has paid no taxes here[,] . . . does not manufacture its product in Washington and does not have any employees based here."). Likewise, the Ninth Circuit has consistently declined to exercise general jurisdiction over a defendant in the absence of physical presence and extensive contacts, even when the defendant has engaged in sales and marketing activities within the state. *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991); *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242-43 (9th Cir. 1984); *see also Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 851 n. 3 (9th Cir. 1993) (stating that the Ninth Circuit "regularly [has] declined to exercise general jurisdiction even where the contacts were quite extensive.").

In short, Wyeth's allegations concerning the sale of Wockhardt Limited products within California – products that are unrelated to Wockhardt Limited's ANDA at issue in this litigation – are not an adequate basis for the Court to exercise general jurisdiction over Wockhardt Limited.

## C.    Wockhardt USA's Contacts Cannot Be Imputed to Wockhardt Limited

Having no basis for asserting that Wockhardt Limited itself has substantial contacts with California, Wyeth seeks to hale Wockhardt Limited into court in California by reaching through a subsidiary corporation, Wockhardt USA.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S MOTION TO DISMISS OR TRANSFER**

Specifically, Wyeth attempts to establish general jurisdiction by alleging that Wockhardt USA is the alter ego or agent of Wockhardt Limited such that Wockhardt USA's contacts can be imputed to Wockhardt Limited.   Cmplt. ¶ 7. There is, however, no reason for this Court to take the rare and exceptional step of disregarding corporate forms and imputing Wockhardt USA's contacts to its grand-parent corporation. *See Dole Food Co. v. Patrickson,* 538 U.S. 468, 475, 123 S. Ct. 1655, 155 L. Ed. 2d 643 (2003) (cautioning that the corporate form may not be lightly cast aside, and the corporate veil should be pierced only in "rare" and "exceptional" circumstances); *Calvert v. Huckins*, 875 F.Supp. 674, 678 (E.D. Cal. 1995) ("Disregarding the corporate entity is recognized as an extreme remedy, and '[c]ourts will pierce the corporate veil only in exceptional circumstances.'") (citation omitted).[2]

## 1.   Wockhardt USA Is Not The Alter Ego Of Wockhardt Limited

Wyeth has not alleged facts sufficient to establish that Wockhardt USA is the alter ego of Wockhardt Limited, and the facts show that it is not.  A party seeking to pierce the corporate veil under an alter ego theory must demonstrate both (1) a unity of interest and ownership between the two corporate entities such that the separate personalities no longer exist; and (2) that failure to disregard the corporate entities would result in fraud or injustice. *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001).  Neither of these factors is satisfied here.

Wyeth alleges that Wockhardt USA is a subsidiary of Wockhardt Limited; that Wockhardt USA engages in sales and marketing of Wockhardt Limited products in the United States; and that Wockhardt Limited has made various

---

[2]   In deciding whether to pierce the corporate veil, the Federal Circuit follows the law of the regional circuit. *Panduit Corp. v. All States Plastic Mfg. Co., Inc.*, (footnote continued)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S MOTION TO DISMISS OR TRANSFER**

1  statements on its website, in a press release, and in its annual report about

2  Wockhardt USA. *See* Cmplt. ¶ 7. Even if Wyeth's allegations are construed in the

3  light most favorable to Wyeth, they fall far short of the unity of interest necessary to

4  find that Wockhardt USA is the alter ego of Wockhardt Limited. *See Monaco v.*

5  *Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 WL 1140460, *4 (N.D. Cal. Apr.

6  17, 2007) ("Conclusory allegations of alter-ego status are not sufficient [to

7  overcome the] . . . general presumption in favor of respecting the corporate entity.")

8      Courts have identified various factors relevant to the alter ego inquiry,

9  including whether the parent exerts excessive control over the subsidiary's day-to-

10  day operations, the commingling of funds, disregard of corporate formalities, and

11  inadequate capitalization. *See Associated Vendors, Inc. v. Oakland Meat Co.*, 210

12  Cal. App. 2d 825, 839-40 (Cal. Ct. App. 1963); *Unocal Corp.*, 248 F.3d at 926-27.

13  Wyeth's allegations do not suggest the presence of any of these factors. Rather,

14  Wyeth alleges nothing more than the common elements of corporate relationships

15  that have been deemed insufficient to establish alter ego liability. For example,

16  "references in a parent's annual report to subsidiaries or chains of subsidiaries as

17  divisions of the parent company do not establish the existence of an alter ego

18  relationship." *Unocal Corp.*, 248 F.3d at 928. Moreover, a parent corporation may

19  be directly involved in a subsidiary's activities, and may monitor and supervise its

20  performance, without the subsidiary being deemed an alter ego. *See Fru-Con Const.*

21  *Corp. v. Sacramento Munic. Util. Dist.*, No. CIV. S-05-583 LKK/GGH, 2007 WL

22  2384841, at *5 (E.D. Cal. Aug. 17, 2007).

23      Wockhardt Limited does not exercise the pervasive, day-to-day control

24  necessary to satisfy the first prong of the alter ego test. Instead, Wockhardt USA

25  controls its own day-to-day operations. Orlofski Decl. ¶ 10. Wockhardt USA also

26  _____

27  744 F.2d 1564, 1574-75 (Fed. Cir. 1984), *overruled on other grounds*, *Richardson-*

28  (footnote continued)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S**
**MOTION TO DISMISS OR TRANSFER**

1  keeps its own separate bank accounts, prepares its own audited financial statements,
2  maintains its own books and records, files its own taxes, and is adequately
3  capitalized.   Orlofski Decl. ¶¶ 11-12.   In short, Wockhardt USA is a separate
4  corporate entity and is not the alter ego of Wockhardt Limited.

5       Moreover, Wyeth does not allege any facts that, even if construed in the light
6  most favorable to Wyeth, would satisfy the injustice element of the alter ego
7  analysis. *See* Cmplt. ¶ 7.

8           **2.      Wockhardt USA Is Not The Agent Of Wockhardt Limited**

9       Wyeth also cannot show that Wockhardt USA is Wockhardt Limited's agent
10  for purposes of personal jurisdiction.   A subsidiary's contacts may be attributed to its
11  parent under an agency theory only when the subsidiary performs services that are
12  sufficiently important to the foreign corporation that the corporation's own officials
13  would have to undertake them if it did not have the subsidiary to fulfill this role.
14  *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994).   The
15  fundamental question with regard to the agency test is whether the subsidiary's
16  presence "substitutes for the presence of the parent."   *Unocal Corp.*, 248 F.3d at
17  929.  Additionally, for a subsidiary to be considered an agent of its parent, the parent
18  must exercise the same level of internal or day-to-day control over the subsidiary
19  typically found in an alter ego relationship.   *Id.*; *see also Fru-Con Const.*, 2007 WL
20  2384841 at * 3 ("In the case of agency, 'the question is . . . whether the degree of
21  control exerted over the subsidiary by the parent is enough to reasonably deem the
22  subsidiary an agent under traditional agency principles.'") (citation omitted).

23       Allegations of a parent-subsidiary relationship do not establish a prima facie
24  case of agency.   *See, e.g., Cargnani v. Pewag Austria G.m.b.H.*, No. CIV. S-05-
25  0133 WBS JFM, 2007 WL 415992, at *7 (E.D. Cal. Feb. 5, 2007).   Moreover, a

26  _____

27  *Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985).
28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S**
**MOTION TO DISMISS OR TRANSFER**

1    parent corporation may defeat an agency allegation by showing that it is self-
2    sufficient and performs on its own every task needed to do business.  *See id.*  In
3    addition, a parent corporation may defeat allegations of agency by showing that it
4    could use third parties, or create other subsidiaries, to carry out the same tasks
5    carried out by the subsidiary in question.  *See Bauman v. Daimlerchrysler AG*, No.
6    C-04-00194 RMW, 2005 WL 3157472, at *12 (N.D. Cal. Nov. 22, 2005); *Bauman*
7    *v. Daimlerchrysler AG,* No. C-04-00194 RMW, 2007 WL 486389, at *2 (N.D. Cal.
8    Feb. 12, 2007) ("*Bauman II*"); *see also Unocal Corp.*, 248 F.3d at 930.  Viewing
9    Wyeth's allegations in the light most favorable to Wyeth, they establish nothing
10   more than that Wockhardt USA is a subsidiary of Wockhardt Limited – they do not
11   set forth a prima facie case of agency.

12   **D.    The Court Does Not Have General Jurisdiction Over Wockhardt**
         **USA**

13
14   Even if Wyeth could establish that Wockhardt USA is the alter ego or agent
15   of Wockhardt Limited, this Court would still lack jurisdiction over Wockhardt
16   Limited because Wockhardt USA's contacts with California are not sufficient for
17   general jurisdiction.  Wyeth identifies only two potential bases for asserting general
18   jurisdiction over Wockhardt Limited: (1) Wockhardt USA sells Wockhardt Limited
19   pharmaceutical products to customers located in California; and (2) a single
20   Wockhardt USA sales representative resides in California.  *See* Cmplt. 7-8.  These
21   limited contacts with the forum state fall substantially short of "continuous and
22   systematic."

23   Like Wockhardt Limited, Wockhardt USA is not located in California.
24   Wockhardt USA is a Delaware corporation, and its corporate headquarters are
25   located in Bedminster, New Jersey.  Orlofski Decl. ¶ 3.  Wockhardt USA does not
26   have an appointed agent for service of process in the state of California and it is not
27   registered with the State of California.  *Id.* ¶¶ 17-18.  Wockhardt USA does not rent

28

1  or own property in California.  *Id.* ¶ 16.  Wockhardt USA holds no bank accounts in

2  California.  *Id.* ¶ 19.

3      Wockhardt USA does sell pharmaceutical products to entities located

4  throughout the United States, including in California.  Orlofski Decl. ¶¶ 4-5.  As

5  discussed above, the mere fact that a company sells products to customers who are

6  located in California or generates revenue, even substantial revenue, from California

7  is insufficient to establish general jurisdiction.[3]  *See, e.g., Congoleum*, 729 F.2d at

8  1242-43; *see also Costa*, 2003 WL 24242419 at *10.

9      The additional fact that a solitary Wockhardt USA employee resides in

10  California by his own choice does not render Wockhardt USA's contacts with

11  California sufficient to establish general jurisdiction.  *International Shoe*, 326 U.S.

12  at 317 ("it has been generally recognized that the casual presence of the corporate

13  agent or even his conduct of single or isolated items or activities in a state in the

14  corporation's behalf are not enough to subject it to suit on causes of action

15  unconnected with the activities there.").  Even if Mr. Watson's personal residence

16  could be considered an official "office" of Wockhardt USA – and it is not – this

17  additional contact would be insufficient to establish general jurisdiction.  *See Costa*,

18  2003 WL 24242419 at *11.  In *Costa*, the plaintiff alleged various contacts between

19  a foreign defendant and California, including ongoing solicitation of business that

20  may have resulted in 11-12% of the foreign defendant's revenue over a five-year

21  period of time.  *Id.*  In that case, the Court stated that "even if one were to credit

22  [plaintiff's] assertion that [defendant] maintains an office in Anaheim, this would

---

24      [3]  Wockhardt USA also pays franchise tax in California because it sells product

25  in California.  However, this fact, even when coupled with the alleged product sales,
is not sufficient to rise to the level of "systemic" or "continuous."  Rather, in

26  determining whether the exercise of general jurisdiction is appropriate, the totality

27  of a defendant's contacts with the state must be assessed, including its lack of
physical presence in the state.  *Costa*, 2003 WL 24242419 at *11.

28

1   not change the analysis" that the defendant's contacts with California did not give

2   rise to general jurisdiction. *Id.; see also Glater v. Eli Lilly & Co.*, 744 F.2d 213,

3   215, 217 (1st Cir. 1984)[4].   Here, Wyeth alleges that approximately 10% of

4   Wockhardt USA's sales were in California during a single year, and that one

5   employee is located there.   *See* Cmplt. ¶ 7.   As in *Costa*, these contacts are

6   insufficient for the Court to exercise jurisdiction in an unrelated cause of action.

7   Indeed, in a 1984 decision, the Ninth Circuit noted that "no court has ever held that

8   the maintenance of even a substantial sales force within the state is sufficient contact

9   to assert jurisdiction in an unrelated cause of action." *Congoleum*, 729 F.2d at 1242.

10          Thus, the existence of Mr. Watson's home office in California, even in

11   combination with revenue derived from sales to customers in California, is not

12   sufficient to support the exercise of general jurisdiction over Wockhardt USA, much

13   less Wockhardt Limited.

14          **E.       The Exercise of General Jurisdiction Would Be Unreasonable**

15          Exercise of personal jurisdiction over Wockhardt Limited is improper for a

16   separate and independent reason.   Wyeth can not meet the second element of the test

17   for jurisdiction – reasonableness.[5]   *See Amoco Egypt Oil Co.,* 1 F.3d at 851 n.2 (9th

18   Cir. 1993) (noting that the reasonableness inquiry is not limited to the specific

19   _____

20          [4]   In *Glater*, the First Circuit declined to find general jurisdiction where the
     corporation employed eight sales representatives – three of whom lived within the
21   forum state – whose duties included providing information to physicians,
     pharmacies, and hospitals within that state. *Id.*
22
          [5]   For the reasons set forth above, Wyeth cannot satisfy the first prong of the
23   general jurisdiction test.  Accordingly, the burden does not shift to Wockhardt
     Limited to show that the exercise of jurisdiction would be unreasonable. *Burger
24   King*, 471 U.S. at 476-77.  Nonetheless, reasonableness is addressed here because
     this factor alone demonstrates that this Court should not exercise general jurisdiction
25   over Wockhardt Limited. *See Amoco Egypt Oil Co.*, 1 F.3d at 851 (concluding that
     exercise of jurisdiction would be unreasonable, and therefore declining to address
26   the issue of contacts).

27

28

1  jurisdiction context but applies to all determinations of personal jurisdiction) (citing
2  *Asahi*, 480 U.S. at 113).

3       The test for reasonableness is a multi-factored balancing test that weighs the
4  burdens on the defendant against various countervailing considerations, including
5  the plaintiff's interest in a convenient forum and the forum state's interest in
6  resolving the dispute.  *Burger King*, 471 U.S. at 477; *World Wide Volkswagen Corp.*
7  *v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980).

### 1.   Wockhardt Limited Has Not Purposefully Interjected Itself Into California

8
9
10      Wyeth alleges no facts that would show Wockhardt Limited's purposeful
11 interjection into California.   Rather, as discussed in detail above, Wockhardt
12 Limited has no direct contacts with California and has not purposefully interjected
itself into the forum.  This factor weighs against reasonableness.

### 2.   The Burden On Wockhardt Limited Of Defending In California Is Substantial

13
14
15      Wockhardt Limited is an Indian company with a principal place of business in
16 India.  This action arises from Wockhardt Limited's filing of an ANDA that was
17 prepared in India.  Wockhardt Limited's documents and witnesses are located in
18 India.  Where, as here, the defendant is a foreign entity, the burden on the defendant
19 of defending in the forum is given significant weight.  *Asahi*, 480 U.S. at 114.  This
20 factor weighs strongly against reasonableness.

### 3.   Conflict With Sovereignty Of Defendant's State

21
22      The Supreme Court has cautioned that "great care and reserve should be
23 exercised when extending our notions of personal jurisdiction in the international
24 field."  *See Asahi*, 480 U.S. at 115.  The fact that Wockhardt Limited is an Indian
25 company weighs against the reasonableness of jurisdiction in California.

### 4.   California Has No Interest In Adjudicating This Dispute

26
27      California has no interest in adjudicating this patent litigation between parties
28 who are not California residents.   Plaintiff is a Delaware Corporation with a

principal place of business in New Jersey.  Defendant is based in India.  The claims do not involve California law.  No residents of California are likely to be witnesses. This factor weighs against reasonableness.  *See Asahi*, 480 U.S. at 114 ("Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished.").

### 5.   The Efficiency Factor Favors New Jersey

Wyeth is likely to argue that proceeding in this Court will be more efficient in light of the related, pending action, *Wyeth v. Anchen Pharmaceuticals et al.*, Case Nos. 06-386 and 06-1098 (JVS).  *See* RJN, Ex. C.  However, to the extent that Wyeth attempts to argue that resolution in this forum will be more efficient because this Court has had prior exposure to the patents-in-suit, Judge Martini of the District of New Jersey also has such prior knowledge.  In fact, Judge Martini issued a claim construction ruling concerning the same patents in a previous litigation. RJN, Ex. D (Markman Opinion dated September 6, 2005 in *Wyeth v. Teva Pharmaceuticals USA, Inc. et al.*, U.S.D.C. D.N.J. Case No. 03-cv-1293 (WJM)).

Moreover, Wyeth's witnesses and documents are likely to be in New Jersey, and it will be far more convenient for Wockhardt Limited to transport witnesses and documents to New Jersey than to California.   This factor weighs against reasonableness. *See Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.*, 828 F.2d 1439, 1444 (9th Cir. 1987) (finding that Fiji was the most efficient forum to resolve the dispute where, *inter alia*, witnesses from Malaysia could be transported much more conveniently to Fiji than to California).

### 6.   Plaintiff's Interests Should Favor New Jersey, Not The Central District of California

Wyeth's Complaint reveals no basis for its choice of this District.  As Wyeth itself alleges, it is a Delaware corporation with a principal place of business in Madison, New Jersey.  Cmplt. ¶ 1.  Wyeth does not allege that there is any Wyeth location in California, or that there is any relationship between its cause of action

-18-

and California.  *See generally* Cmplt.  Moreover, Wyeth's behavior in connection with several related cases demonstrates that Wyeth does not have a strong interest in any particular forum.  Wyeth has filed actions involving the same patents in a number of jurisdictions, and such actions are currently pending in at least the District of Delaware, the Northern District of West Virginia, the Eastern District of North Carolina, and the District of Maryland.  *See* RJN, Exs. F-M.  In light of this history, Wyeth's choice of this forum should be given no weight.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981) (while there is ordinarily a strong presumption in favor of a plaintiff's choice of forum, the plaintiff's choice is afforded little or no deference when the forum that has been selected is not the plaintiff's home.)

### 7. The District of New Jersey Is Available As An Alternative Forum.

Wyeth could have commenced this litigation in the District of New Jersey. The existence of an alternative forum weighs against reasonableness.  *Federal Deposit Ins. Corp.*, 828 F.2d at 1445.

### 8. Balancing The Reasonableness Factors

The majority of the relevant factors weigh strongly against a finding that the exercise of general jurisdiction over Wockhardt Limited would be reasonable. Indeed, although some factors may be neutral, no factors weigh for a finding of reasonableness.  Neither the dispute nor the parties have a relationship with the state of California and there are no compelling reasons for this Court to find personal jurisdiction over a foreign defendant under the present circumstances.  Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) is appropriate.

### F. The Assertion of Jurisdiction Pursuant to the Federal Long-Arm Statute Is Improper

Wyeth's alternative assertion that this Court may exercise jurisdiction over Wockhardt Limited pursuant to Federal Rule of Civil Procedure 4(k)(2), the federal "long-arm statute," also lacks merit.  Under Rule 4(k)(2), jurisdiction over a foreign

defendant is proper only if: (1) the plaintiff's claim arises under federal law; (2) the defendant is beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction does not offend the Constitution or other federal law. *Holland America Line Inc. v. Watsila North America, Inc.*, 485 F.3d 450, 461 (9th Cir. 2007).

Jurisdiction under Rule 4(k)(2) is improper because Wockhardt Limited is not beyond the jurisdictional reach of any United States court.   In fact, Wockhardt Limited has consented to the jurisdiction of the United States District Court for the District of New Jersey in an unrelated litigation. *See* Gandhi Decl. ¶ 17; RJN, Ex. B.   Wockhardt Limited likewise concedes that the United States District Court for the District of New Jersey would have jurisdiction over it in connection with this action.   Courts addressing this issue have held that a defendant may preclude the use of Rule 4(k)(2) by identifying another state in which jurisdiction would be proper. *See, e.g., Holland America Line Inc.*, 485 F.3d at 461.   Because Wockhardt Limited has identified a proper jurisdiction, this factor, alone, defeats resort to Rule 4(k)(2).[6]

**G.   The Court May Transfer This Action To The District of New Jersey**

Although this Court lacks jurisdiction over defendant Wockhardt Limited, it has the discretion under 28 U.S.C. § 1406 to either dismiss Wyeth's Complaint or transfer it to the United States District Court for the District of New Jersey. *See* 28

---

[6]   Moreover, if, as Wyeth contends, New Jersey-based Wockhardt USA's contacts could be imputed to Wockhardt Limited, New Jersey would necessarily have jurisdiction over Wockhardt Limited, and Rule 4(k)(2) would not apply. *Unocal Corp.*, 248 F.3d at 922-23 ("[Defendant's] remaining potential contacts with the United States are based on the activities of its subsidiaries.  If [Defendant's] subsidiaries' contacts were imputed to [Defendant], however, several states would have jurisdiction over [Defendant], and Rule 4(k)(2) would not apply."). Accordingly, there is no basis for this Court to exercise jurisdiction over Wockhardt Limited pursuant to Rule 4(k)(2).

1  U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue

2  in the wrong division or district shall dismiss, or if it be in the interest of justice,

3  transfer such case to any district or division in which it could have been brought.").[7]

4      In the alternative, in the unlikely event that this Court were to find that it has

5  personal jurisdiction over Wockhardt Limited, the Court should exercise its

6  discretion to transfer this action to the District of New Jersey in accordance with 28

7  U.S.C. § 1404(a).  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and

8  witnesses, in the interest of justice, a district court may transfer any civil action to

9  any other district or division where it might have been brought.").

10     In determining whether transfer would further the interests of convenience

11 and justice, the Court may consider a number of private and public factors.  *Decker*

12 *Coal Co. v. Commonwealth Edison*, 805 F.2d 834, 843 (9th Cir. 1986); *see also*

13 *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1088-

14 89 (E.D. Cal. 2005).  Factors to be considered in assessing a motion to transfer

15 include (1) the plaintiff's forum preference; (2) the convenience of the parties; (3)

16 the convenience of the witnesses; and (4) the interests of justice.  *DeFazio* 406 F.

17 Supp. 2d at 1089.

18     Consideration of these factors demonstrates that the Central District of

19 California is not a proper location for this litigation.  Indeed, only one of the factors

20 – plaintiff's forum preference – weighs in plaintiff's favor at all.  In this instance,

21 that factor should be given little, if any, weight as Wyeth itself is based in New

22 Jersey, not California. *See Piper Aircraft*, 454 U.S. at 236.  The remaining factors

23 all weigh strongly in favor of transfer.  First, New Jersey is more convenient for all

24 

25   [7]  The United States Supreme Court has expressly held that 28 U.S.C. § 1406(a)

26 authorizes the transfer of a case whether the court in which it was filed had personal

27 jurisdiction over the defendants or not.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463,

   466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962).

28 

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S MOTION TO DISMISS OR TRANSFER**

1    parties.   Wyeth's headquarters are in New Jersey; certain Wockhardt Limited

2    regulatory personnel work from New Jersey; and it is easier to travel to New Jersey

3    than to California from India.  Second, for the same reasons that New Jersey is more

4    convenient for the parties, it is also more convenient for the witnesses.  Finally,

5    transfer of this ANDA case to the District of New Jersey is in the interests of justice.

6    Certainly California has no particular interest in deciding this controversy between a

7    Delaware corporation based in New Jersey and an Indian company where the cause

8    of action has no relationship to California.   Accordingly, if this Court does not

9    dismiss this action, the interests of justice and convenience mandate that the action

10   be transferred to the District of New Jersey.

11   **IV.    CONCLUSION**

12        At its core, the question of whether to exercise personal jurisdiction over a

13   foreign defendant comes down to whether to do so would comport with fair play and

14   substantial justice.  *See Asahi*, 480 U.S. at 113.  In *Congoleum*, the Ninth Circuit

15   found that "[i]t would not comport with fair play and substantial justice to assert

16   jurisdiction over a West German corporation in the distant forum of California on a

17   claim that arises out of activities in Europe, where the corporation had no contact

18   with California other than a developing sales market." 729 F.2d at 1243.  Likewise,

19   it would not comport with fair play and substantial justice to assert jurisdiction over

20   an Indian company in the distant forum of California on a claim that arises out of

21   activities in India and a regulatory filing with the United States FDA in Maryland,

22   where the company had no contact with California other than that unrelated products

23   are sold in California.

24        For all of the foregoing reasons, Wockhardt Limited respectfully requests that

25   the Court grant its Motion to Dismiss, or in alternative, grant its request to transfer

26   the action to the United States District Court for the District of New Jersey.

27

28

1 | DATED November 7, 2007

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

2

3

4

By  /s/
          Justin Griffin
          Attorneys for Defendant
          Wockhardt Limited

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WOCKHARDT LIMITED'S
MOTION TO DISMISS OR TRANSFER**