COPY

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Randa A.F. Osman (State Bar No. 150798)
2 | randaosman@quinnemanuel.com
Scott A. Florance (State Bar No. 227512)
3 | scottflorance@quinnemanuel.com
Justin C. Griffin (State Bar No. 234675)
4 | justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100
Andrew M. Berdon (admitted *pro hac vice*)
7 | andrewberdon@quinnemanuel.com
Anastasia M. Fernands (admitted *pro hac vice*)
8 | anastasiafernands@quinnemanuel.com
Joseph Milowic III (admitted *pro hac vice*)
9 | josephmilowic@quinnemanuel.com
51 Madison Avenue, 22nd Floor
10 | New York, New York 10010-1601
Telephone: (212) 849-7000
11 | Facsimile: (212) 849-7100

12 | Attorneys for Defendant
WOCKHARDT LIMITED

13

14

15 | UNITED STATES DISTRICT COURT

16 | CENTRAL DISTRICT OF CALIFORNIA

17 | SOUTHERN DIVISION

WYETH, | CASE NO. 07-5166 JVS (ANx)
18
Plaintiff, | Answer and Counterclaims
19
vs. | Date:    March 10, 2008
20
WOCKHARDT LIMITED, |
21
Defendant. | Trial Date:   Not Yet Set
22

23

24 | **ANSWER AND COUNTERCLAIMS**

25 | Defendant Wockhardt Limited ("Wockhardt"), for its Answer and

26 | Counterclaims to the Complaint of Wyeth, states as follows:

27

28

61116/2427513.1

### The Parties

1.      Upon and information and belief, Wockhardt Limited admits the averments of Paragraph 1 of the Complaint.

2.      Wockhardt Limited admits the averments of Paragraph 2 of the Complaint.

### Nature of the Action

3.      Wockhardt Limited admits that the Complaint purports to state a cause of action under the United States patent laws relating to an Abbreviated New Drug Application ("ANDA") filed by Wockhardt Limited with the U.S. Food and Drug Administration ("FDA") for approval to market Venlafaxine Extended Release Capsules, 37.5 mg, 75 mg, and 150 mg base equivalent, in the United States. Wockhardt Limited denies the remaining averments of Paragraph 3 of the Complaint.

### Jurisdiction and Venue

4.      Wockhardt Limited admits the averments of Paragraph 4 of the Complaint.

5.      Wockhardt Limited admits the averments of Paragraph 5 of the Complaint.

6.      Wockhardt Limited admits that it received revenue totaling approximately $44 million from the sale of Wockhardt Limited products in the United States in 2006. Wockhardt Limited denies the remaining averments of Paragraph 6 of the Complaint.

7.      Wockhardt Limited admits that Wockhardt USA is a wholly-owned subsidiary of Wockhardt EU Operations (Swiss) AG, a Swiss holding company, which is a wholly-owned subsidiary of Wockhardt Limited. Wockhardt Limited also admits that the words quoted from the documents and websites referenced in Paragraph 7 of the Complaint appeared in those documents. Wockhardt Limited further admits that Robert Watson is Vice President, National Accounts, of

1  Wockhardt USA, Inc.  Wockhardt Limited denies the remaining averments of
2  Paragraph 7 of the Complaint.

3      8.  Wockhardt Limited denies the averments of Paragraph 8 of the
4  Complaint as stated.  Further answering, Wockhardt Limited states that it has
5  consented to personal jurisdiction in this judicial district for purposes of this action.

6      9.  Wockhardt Limited denies the averments of Paragraph 9 of the
7  Complaint.  Further answering, Wockhardt Limited states that it has consented to
8  venue in this judicial district for purposes of this action.

9  **Background**

10      10.  Upon information and belief, Wockhardt Limited admits that Wyeth is
11  the holder of New Drug Application ("NDA") No. 20-699 for EFFEXOR® XR
12  Capsules, an extended release dosage form containing venlafaxine hydrochloride.
13  Wockhardt Limited lacks knowledge or information sufficient to form a belief as to
14  the truth of the remaining averments of Paragraph 10 of the Complaint and therefore
15  denies the same.

16      11.  Wockhardt Limited admits that it filed an ANDA with the FDA under
17  21 U.S.C. § 355(j), ANDA No. 78-865, in order to obtain approval for the
18  commercial manufacture, use, and sale of Venlafaxine HCl Extended Release
19  Capsules in 37.5 mg, 75 mg, and 150 mg dosage strengths (the "Proposed
20  Wockhardt Products").  Wockhardt Limited denies the remaining averments of
21  Paragraph 11 of the Complaint.

22      12.  Wockhardt Limited admits the averments of Paragraph 12 of the
23  Complaint.

24  **FIRST CLAIM**

25      13.  Wockhardt Limited incorporates by reference its responses to
26  paragraphs 1-12 of the Complaint as if fully set forth herein.

27      14.  Wockhardt Limited admits that United States Patent No. 6,274,171 B1
28  ("the '171 patent"), entitled "Extended Release Formulation of Venlafaxine

1   Hydrochloride" issued on August 14, 2001, and recites American Home Products

2   Corporation as the assignee.  Wockhardt Limited further admits that Exhibit A to the

3   Complaint appears to be a true and correct copy of the '171 patent.  Wockhardt

4   Limited denies that the '171 patent was duly and legally issued. Wockhardt Limited

5   lacks knowledge or information sufficient to form a belief as to the truth of the

6   remaining averments of Paragraph 14 of the Complaint and therefore denies the

7   same.

8       15.    Wockhardt Limited admits that it filed ANDA No. 78-865 in order to

9   obtain approval to market the Proposed Wockhardt Products before the expiration of

10  the '171 patent.  Wockhardt Limited also admits that ANDA No. 78-865 contains a

11  certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '171

12  patent, asserting that in Wockhardt Limited's opinion and to the best of its

13  knowledge, no valid or enforceable claims of the '171 patent will be infringed by

14  the manufacture, use or sale of the Proposed Wockhardt Products.  To the extent that

15  a further response is required, Wockhardt Limited denies the remaining averments

16  of Paragraph 15 of the Complaint.

17      16.    Wockhardt Limited denies that Wockhardt Limited's submission to the

18  FDA of ANDA No. 78-865 constitutes infringement of any valid and enforceable

19  claim of the '171 patent.  Wockhardt Limited denies the remaining averments

20  contained in Paragraph 16 of the Complaint.

21      17.    Wockhardt Limited denies that upon FDA approval of Wockhardt

22  Limited's ANDA No. 78-865 that Wockhardt Limited will infringe any valid and

23  enforceable claim of the '171 patent.  Wockhardt Limited denies the remaining

24  averments contained in Paragraph 17 of the Complaint.

25      18.    Wockhardt Limited denies that the Proposed Wockhardt Products when

26  offered for sale, sold, and/or imported, and when used as directed, would infringe

27  any valid and enforceable claim of the '171 patent.  Wockhardt Limited denies the

28  remaining averments contained in Paragraph 18 of the Complaint.

19. Wockhardt Limited denies the averments contained in Paragraph 19 of the Complaint.

20. Wockhardt Limited denies that the offer for sale, sale, and/or importation of the Proposed Wockhardt Products would contributorily infringe any valid and enforceable claim of the '171 patent. Wockhardt Limited denies the remaining averments contained in Paragraph 20 of the Complaint.

21. Wockhardt Limited denies the averments contained in Paragraph 21 of the Complaint.

22. Wockhardt Limited denies that the offer for sale, sale, and/or importation of the Proposed Wockhardt Products would induce infringement of any valid and enforceable claim of the '171 patent. Wockhardt Limited denies the remaining averments contained in Paragraph 22 of the Complaint.

23. Wockhardt Limited denies the averments contained in Paragraph 23 of the Complaint.

24. Wockhardt Limited denies the averments contained in Paragraph 24 of the Complaint.

**SECOND CLAIM**

25. Wockhardt Limited incorporates by reference its responses to paragraphs 1-12 of the Complaint as if fully set forth herein.

26. Wockhardt Limited admits that United States Patent No. 6,403,120 B1 ("the '120 patent"), entitled "Extended Release Formulation of Venlafaxine Hydrochloride" issued on June 11, 2002, and recites Wyeth as the assignee. Wockhardt Limited further admits that Exhibit B to the Complaint appears to be a true and correct copy of the '120 patent. Wockhardt Limited denies that the '120 patent was duly and legally issued. Wockhardt Limited lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 26 of the Complaint and therefore denies the same.

1   27. Wockhardt Limited admits that it filed ANDA No. 78-865 in order to

2 obtain approval to market the Proposed Wockhardt Products before the expiration of

3 the '120 patent. Wockhardt Limited also admits that ANDA No. 78-865 contains a

4 certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '120

5 patent, asserting that in Wockhardt Limited's opinion and to the best of its

6 knowledge, no valid or enforceable claims of the '120 patent will be infringed by

7 the manufacture, use or sale of the Proposed Wockhardt Products. To the extent that

8 a further response is required, Wockhardt Limited denies the remaining averments

9 of Paragraph 27 of the Complaint.

10   28. Wockhardt Limited denies that Wockhardt Limited's submission to the

11 FDA of ANDA No. 78-865 constitutes infringement of any valid and enforceable

12 claim of the '120 patent. Wockhardt Limited denies the remaining averments

13 contained in Paragraph 28 of the Complaint.

14   29. Wockhardt Limited denies that upon FDA approval of Wockhardt

15 Limited's ANDA No. 78-865 that Wockhardt Limited will infringe any valid and

16 enforceable claim of the '120 patent. Wockhardt Limited denies the remaining

17 averments contained in Paragraph 29 of the Complaint.

18   30. Wockhardt Limited denies that the Proposed Wockhardt Products when

19 offered for sale, sold, and/or imported, and when used as directed, would infringe

20 any valid and enforceable claim of the '120 patent. Wockhardt Limited denies the

21 remaining averments contained in Paragraph 30 of the Complaint.

22   31. Wockhardt Limited denies the averments contained in Paragraph 31 of

23 the Complaint.

24   32. Wockhardt Limited denies that the offer for sale, sale, and/or

25 importation of the Proposed Wockhardt Products would contributorily infringe any

26 valid and enforceable claim of the '120 patent. Wockhardt Limited denies the

27 remaining averments contained in Paragraph 32 of the Complaint.

28

33.     Wockhardt Limited denies the averments contained in Paragraph 33 of the Complaint.

34.     Wockhardt Limited denies that the offer for sale, sale and/or importation of the Proposed Wockhardt Products would induce infringement of any valid and enforceable claim of the '120 patent.  Wockhardt Limited denies the remaining averments contained in Paragraph 34 of the Complaint.

35.     Wockhardt Limited denies the averments contained in Paragraph 35 of the Complaint.

36.     Wockhardt Limited denies the averments contained in Paragraph 36 of the Complaint.

## THIRD CLAIM

37.     Wockhardt Limited incorporates by reference its responses to paragraphs 1-12 of the Complaint as if fully set forth herein.

38.     Wockhardt Limited admits that United States Patent No. 6,419,958 B2 ("the '958 patent"), entitled "Extended Release Formulation of Venlafaxine Hydrochloride" issued on July 16, 2002, and recites Wyeth as the assignee. Wockhardt Limited further admits that Exhibit C to the Complaint appears to be a true and correct copy of the '958 patent.  Wockhardt Limited denies that the '958 patent was duly and legally issued.  Wockhardt Limited lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 38 of the Complaint, and therefore denies the same.

39.     Wockhardt Limited admits that it filed ANDA No. 78-865 in order to obtain approval to market the Proposed Wockhardt Products before the expiration of the '958 patent.  Wockhardt Limited also admits that ANDA No. 78-865 contains a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '958 patent, asserting that in Wockhardt Limited's opinion and to the best of its knowledge, no valid or enforceable claims of the '958 patent will be infringed by the manufacture, use or sale of the Proposed Wockhardt Products.  To the extent that

1  a further response is required, Wockhardt Limited denies the remaining averments
2  of Paragraph 39 of the Complaint.

3      40.    Wockhardt Limited denies that Wockhardt Limited's submission to the
4  FDA of ANDA No. 78-865 constitutes infringement of any valid and enforceable
5  claim of the '958 patent. Wockhardt Limited denies the remaining averments
6  contained in Paragraph 40 of the Complaint.

7      41.    Wockhardt Limited denies that upon FDA approval of Wockhardt
8  Limited's ANDA No. 78-865 that Wockhardt Limited will infringe any valid and
9  enforceable claim of the '958 patent. Wockhardt Limited denies the remaining
10  averments contained in Paragraph 41 of the Complaint.

11      42.    Wockhardt Limited denies that the Proposed Wockhardt Products when
12  offered for sale, sold, and/or imported, and when used as directed, would infringe
13  any valid and enforceable claim of the '958 patent. Wockhardt Limited denies the
14  remaining averments contained in Paragraph 42 of the Complaint.

15      43.    Wockhardt Limited denies the averments contained in Paragraph 43 of
16  the Complaint.

17      44.    Wockhardt Limited denies that the offer for sale, sale and/or
18  importation of the Proposed Wockhardt Products would contributorily infringe any
19  valid and enforceable claim of the '958 patent. Wockhardt Limited denies the
20  remaining averments contained in Paragraph 44 of the Complaint.

21      45.    Wockhardt Limited denies the averments contained in Paragraph 45 of
22  the Complaint.

23      46.    Wockhardt Limited denies that the offer for sale, sale and/or
24  importation of the Proposed Wockhardt Products would induce infringement of any
25  valid and enforceable claim of the '958 patent. Wockhardt Limited denies the
26  remaining averments contained in Paragraph 46 of the Complaint.

27      47.    Wockhardt Limited denies the averments contained in Paragraph 47 of
28  the Complaint.

48.     Wockhardt Limited denies the averments contained in Paragraph 48 of the Complaint.

49.     Wockhardt Limited denies that Wyeth is entitled to the relief requested in its Prayer for Relief, or to any other relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Unenforceability of the '171 Patent

50.     Each claim of the '171 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office.  During prosecution of the '171 patent, the inventors and/or prosecuting attorneys failed to disclose to the examiner reviewing its patent application at least: (1) a contrary finding by an earlier examiner on substantially similar claims in the original parent application; and (2) the fact that Wyeth's prosecuting attorney had already agreed with the earlier examiner to narrow the scope of the substantially similar claims in the original parent application in order to avoid a rejection over Wyeth's own prior art patent.  The information withheld by Wyeth was material.  Upon information and belief, Wyeth withheld the information with an intent to deceive or mislead the examiner.  Wockhardt Limited incorporates herein by reference Counterclaim Count I.

### Second Affirmative Defense
### Unenforceability of the '958 Patent

51.     Each claim of the '958 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office.  During prosecution of the '958 patent, the inventors and/or prosecuting attorneys failed to disclose to the examiner reviewing its patent application at least: (1) a contrary finding by an earlier examiner on substantially similar claims in the original parent application; and (2) the fact that Wyeth's prosecuting attorney had already agreed with the earlier examiner to narrow the scope of the substantially similar claims in the

1   original parent application in order to avoid a rejection over Wyeth's own prior art
2   patent.  The information withheld by Wyeth was material.  Upon information and
3   belief, Wyeth withheld the information with an intent to deceive or mislead the
4   examiner.  Wockhardt Limited incorporates herein by reference Counterclaim Count
5   II.

### Third Affirmative Defense
### Unenforceability of the '120 Patent

8       52.    Each claim of the '120 patent is unenforceable due to inequitable
9   conduct before the United States Patent and Trademark Office.  During prosecution
10   of the '120 patent, the inventors and/or prosecuting attorneys failed to disclose to the
11   examiner reviewing its patent application at least: (1) a contrary finding by an
12   earlier examiner on substantially similar claims in the original parent application;
13   and (2) the fact that Wyeth's prosecuting attorney had already agreed with the
14   earlier examiner to narrow the scope of the substantially similar claims in the
15   original parent application in order to avoid a rejection over Wyeth's own prior art
16   patent.  The information withheld by Wyeth was material.  Upon information and
17   belief, Wyeth withheld the information with an intent to deceive or mislead the
18   examiner.  Wockhardt Limited incorporates herein by reference Counterclaim Count
19   III.

### Fourth Affirmative Defense
### Noninfringement of the '171 Patent

22       53.    Wockhardt Limited is not infringing, has not infringed and will not
23   infringe, either literally or under the doctrine of equivalents, any valid and
24   enforceable claim of the '171 patent, nor has it induced or contributorily infringed
25   any valid and enforceable claim of the '171 patent.

1

2

### Fifth Affirmative Defense
### Noninfringement of the '958 Patent

3      54.    Wockhardt Limited is not infringing, has not infringed and will not

4   infringe, either literally or under the doctrine of equivalents, any valid and

5   enforceable claim of the '958 patent, nor has it induced or contributorily infringed

6   any valid and enforceable claim of the '958 patent.

7

8

### Sixth Affirmative Defense
### Noninfringement of the '120 Patent

9      55.    Wockhardt Limited is not infringing, has not infringed and will not

10  infringe, either literally or under the doctrine of equivalents, any valid and

11  enforceable claim of the '120 patent, nor has it induced or contributorily infringed

12  any valid and enforceable claim of the '120 patent.

13

14

### Seventh Affirmative Defense
### Invalidity of the '171 Patent

15     56.    Each claim of the '171 patent is invalid for failure to comply with one

16  or more provisions set forth in the patent laws of the United States, 35 U.S.C. § 1 *et*

17  *seq.*

18

19

### Eighth Affirmative Defense
### Invalidity of the '958 Patent

20     57.    Each claim of the '958 patent is invalid for failure to comply with one

21  or more provisions set forth in the patent laws of the United States, 35 U.S.C. § 1 *et*

22  *seq.*

23

24

### Ninth Affirmative Defense
### Invalidity of the '120 Patent

25     58.    Each claim of the '120 patent is invalid for failure to comply with one

26  or more provisions set forth in the patent laws of the United States, 35 U.S.C. § 1 *et*

27  *seq.*

28

### Tenth Affirmative Defense
### Failure to State a Claim

59.    To the extent the Complaint purports to allege willfulness and/or that this case is exceptional under 35 U.S.C. § 285 or otherwise seeks an award of attorneys' fees, the Complaint fails to state a claim upon which relief can be granted.

### COUNTERCLAIMS

Wockhardt Limited, for its counterclaims against Wyeth, hereby states as follows:

### Nature of the Action

1.    This is an action for a declaration of patent noninfringement, invalidity and unenforceability for inequitable conduct arising under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2.    This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

3.    This Court has personal jurisdiction over Wyeth because, *inter alia*, Wyeth has submitted to the jurisdiction of this Court.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

5.    Wyeth has created an actual controversy between itself and Wockhardt Limited through its averment of infringement of the patents-in-suit.

### Parties, Jurisdiction and Venue

6.    Upon information and belief, Plaintiff and Counterclaim Defendant Wyeth is a corporation organized under the laws of Delaware, with its principal place of business at Five Giralda Farms, Madison, New Jersey 07940.

7.    Defendant and Counterclaim Plaintiff Wockhardt Limited is a company organized and existing under the laws of India and has a place of business at

1  Wockhardt Towers, Bandra-Kurla Complex Bandra (East) Mumbai - 400 051,

2  Maharashtra, India.

3  ### The Patents and Related Drug Product

4      8.    Pursuant to 21 U.S.C. § 355(j), the Federal Food, Drug and Cosmetic

5  Act ("FDCA") authorizes a generic drug company to submit an ANDA to the FDA

6  for approval of a generic drug product that has the same active ingredient as, and is

7  bioequivalent to, a drug product that the FDA has already approved pursuant to an

8  NDA.

9      9.    Pursuant to 21 U.S.C. § 355(b), the FDCA requires NDA holders to

10  disclose to the FDA the patent numbers and expiration dates of any patent that

11  claims the drug or a method of using the drug for which an NDA is submitted.  The

12  FDA then lists those patents in the Orange Book.

13      10.    Pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), if a generic drug

14  company seeks approval to market a generic drug product before the expiration of a

15  patent listed in the Orange Book, the generic drug company must include a

16  certification in its ANDA that the patent is invalid, unenforceable, or will not be

17  infringed by the generic drug product ("Paragraph IV Certification").

18      11.    Pursuant to 21 U.S.C. § 355(j)(2)(B), if the generic drug company

19  includes a Paragraph IV Certification in its ANDA, the generic drug company must

20  send the NDA holder and the patent owner notice of that certification, including a

21  detailed statement of the factual and legal basis for the generic drug company's

22  opinion that the patent is invalid, unenforceable or will not be infringed ("Notice

23  Letter").

24      12.    Pursuant to 21 U.S.C. § 355(j)(5)(B)(iii), if a suit for patent

25  infringement is brought within 45 days of receiving the Notice Letter, the FDA will

26  not approve the generic drug company's ANDA for 30 months or until resolution of

27  the patent infringement action.

28

13.     Upon information and belief, Wyeth is the holder of NDA No. 20-699 for an extended release dosage form containing venlafaxine hydrochloride. Upon information and belief, the trade name of Wyeth's venlafaxine hydrochloride is EFFEXOR® XR.

14.     Upon information and belief, Wyeth is the owner of United States Patent No. 6,274,171 ("the '171 patent"), United States Patent No. 6,403,120 ("the '120 patent"), and United States Patent No. 6,419,958 ("the '958 patent"). Copies of the '171, '120 and '958 patents are attached respectively as Exhibits A, B and C to Wyeth's Complaint.

15.     Upon information and belief, Wyeth caused the '171, '958 and '120 patents to be listed in the Orange Book entry for EFFEXOR® XR, NDA No. 20-699.

16.     Wockhardt Limited submitted ANDA No. 78-865 to the FDA to obtain approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of the Proposed Wockhardt Product before the expiration of the '171, '958, and '120 patents. Wockhardt Limited included in ANDA No. 78-865 a Paragraph IV Certification stating that, in the opinion of Wockhardt Limited, and to the best of its knowledge, the '171, '958, and '120 patents are invalid, unenforceable, or will not be infringed by the commercial manufacture, use, importation, offer for sale, and/or sale of the Proposed Wockhardt Products.

17.     On June 25, 2007, Wockhardt Limited sent Wyeth a Notice Letter that included a detailed statement of the factual and legal basis for Wockhardt Limited's opinion. Pursuant to 21 U.S.C. § 355(j)(5)(C), the Notice Letter was accompanied by an Offer of Confidential Access to ANDA No. 78-865.

18.     On or about August 8, 2007, Wyeth filed a Complaint in this action against Wockhardt Limited alleging infringement of the '171, '958, and '120 patents. Wyeth asserted in its Complaint, and continues to assert, that the submission of Wockhardt Limited's ANDA No. 78-865 was an act of infringement of the '171, '958, and '120 patents under 35 U.S.C. § 271(e)(2). Wyeth also

1  asserted in its Complaint, and continues to assert, that the commercial manufacture,
2  use, importation, offer for sale, and/or sale of the Proposed Wockhardt Products will
3  infringe one or more claims of the '171, '958, and '120 patents under 35 U.S.C. §
4  271.

5      19.    Wyeth's assertion against Wockhardt Limited of claims of
6  infringement of the '171, '958 and '120 patents after being advised by Wockhardt
7  Limited that there is no basis for those claims renders this case exceptional within
8  the meaning of 35 U.S.C. § 285.

9      20.    Wockhardt Limited has no adequate remedy at law.  The actions and
10 assertions made by Wyeth with respect to the '171, '958, and '120 patents have
11 caused and will continue to cause irreparable injury to the rights of Wockhardt
12 Limited.

13              **Prosecution of Wyeth's Patents**
14                **Wyeth's Upton Patent**

15     21.    On January 30, 1995, American Home Products Corporation (now
16 Wyeth via a name change; hereinafter simply referred to as Wyeth) filed a patent
17 application, Application No. 08/380,903, that disclosed an extended release form of
18 venlafaxine ("the Upton App.").

19     22.    The Upton App. issued as U.S. Patent No. 5,506,270 ("the Upton
20 patent") on April 9, 1996.

21              **The Provisional Application**

22     23.    On March 25, 1996, Wyeth filed a provisional patent application
23 directed to an extended release formulation of venlafaxine and methods of using
24 same, which provisional application led to the patents-in-suit ("the Provisional
25 App.").

26            **The '137 Parent Application**

27     24.    On March 20, 1997, Wyeth filed a non-provisional Application No.
28 08/821,137 ("the '137 Parent App.") claiming priority to the Provisional App.

25.   Claims 1, 9, and 10 of the '137 Parent App. read as follows:

     1.   An encapsulated, extended release formulation of venlafaxine hydrochloride comprising a hard gelatin capsule containing a therapeutically effective amount of spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and hydroxypropyl methylcellulose coated with ethyl cellulose and hydroxypropylmethylcellulose.

     9.   A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

     10.   A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

26. On July 10, 1997, Wyeth submitted an Information Disclosure Statement ("IDS") to the United States Patent and Trademark Office ("USPTO"). The IDS did not disclose the Upton patent.

27. Upon information and belief, the Upton patent was material prior art known to Wyeth.

28. On July 30, 1997, Wyeth's lawyer conducted a telephonic interview with the examiner of the '137 Parent App., Examiner Amy Hulina of the USPTO.

29. On August 5, 1997, the examiner mailed to Wyeth an Interview Summary stating that Wyeth's lawyer:

> Agreed to amend claims 9 and 10 to depend from claim 1
> to avoid rejection over Upton which discloses extended
> release venlafaxine at col. 5, lines 25-27.

30. On August 5, 1997, the examiner issued a Notice of Allowability, which included an Examiner Amendment that made claims 9 and 10 of the '137 Parent App. depend from claim 1.

31. Wyeth's lawyer authorized the examiner's amendment in the telephone interview with the examiner on July 30, 1997.

32. The examiner provided the following statement of reason for allowance:

> The prior art does not teach or suggest the specific
> extended release claim formulation according to claim 1.

33. The Examiner's Notice of References Cited included the Upton patent.

34. Wyeth let the '137 Parent App. go abandoned by not paying the issue fee that was due on November 5, 1997.

35. On November 5, 1997, Wyeth filed a continuation-in-part application, Application No. 08/964,328 ("the '328 App.").

36. The '328 App. was assigned to a new examiner, Examiner James Spear.

37.   The '328 App. included the following independent method claims:

13.   A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

14.   A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of  venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

38.   Claim 13 of the '328 App. is identical to claim 9 of the '137 Parent App.

39.   Claim 14 of the '328 App. is identical to claim 10 of the '137 Parent App.

40.   Wyeth failed to disclose to the new examiner (Examiner James Spear) the contrary findings of the earlier examiner (Examiner Amy Hulina) on the identical claims.

41.   Wyeth failed to disclose to the new examiner (Examiner James Spear) the fact that Wyeth had already agreed with the earlier examiner (Examiner Amy

1  Hulina) to narrow the scope of the identical claims in order to avoid a rejection over

2  Wyeth's own prior art patent - the Upton Patent.

3      42.     The new examiner allowed claims 13 and 14 of the '328 App. without

4  rejection, but rejected other claims.

5      43.     Wyeth let the '328 App. go abandoned by failing to respond to an

6  Office Action by January 21, 2000.

7

8                      **The '171 Patent**

9      44.     On January 20, 2000, Wyeth filed Application No. 09/488,629 ("the

10  '629 App.") as a continuation-in-part application of the '328 App.

11     45.     The '629 App. was assigned to Examiner James Spear.

12     46.     The '629 App. included the following independent claims:

13              21.     A method for providing a therapeutic blood

14          plasma concentration of venlafaxine over a twenty four

15          hour period with diminished incidences of nausea and

16          emesis which comprises administering orally to a patient

17          in need thereof, an encapsulated, extended release

18          formulation that provides a peak blood plasma level of

19          venlafaxine in from about four to about eight hours, said

20          formulation containing venlafaxine hydrochloride as the

21          active ingredient.

22              22.     A method for eliminating the troughs and

23          peaks of drug concentration in a patients blood plasma

24          attending the therapeutic metabolism of plural daily

25          doses of venlafaxine hydrochloride which comprises

26          administering orally to a patient in need thereof, an

27          encapsulated, extended release formulation that provides

28          a peak blood plasma level of venlafaxine in from about

61116/2427513.1

-19-

1          four to about eight hours, said formulation containing

2          venlafaxine hydrochloride as the active ingredient.

3      47.    Claim 21 of the '629 App. is identical to claim 9 of the '137 Parent

4  App.

5      48.    Claim 22 of the '629 App. is identical to claim 10 of the '137 Parent

6  App.

7      49.    During prosecution of the '629 App., Wyeth's inventors and

8  prosecuting attorneys did not disclose to the examiner (Examiner James Spear) the

9  contrary findings of the earlier examiner (Examiner Amy Hulina) on the identical

10  claims.

11      50.    During prosecution of the '629 App., Wyeth's inventors and

12  prosecuting attorneys did not disclose to the examiner (Examiner James Spear) the

13  fact that Wyeth's prosecuting attorney had already agreed with the earlier examiner

14  (Examiner Amy Hulina) to narrow the scope of the identical claims in order to avoid

15  a rejection over Wyeth's own prior art patent - the Upton Patent.

16      51.    The information withheld by Wyeth's inventors and prosecuting

17  attorneys was material.

18      52.    Upon information and belief, Wyeth's inventors and prosecuting

19  attorney withheld this material information from the examiner in order to prosecute

20  claims substantially similar to the previously refused claims and did so with an

21  intent to mislead or deceive the USPTO.

22      53.    In an Office Action mailed to Wyeth on January 4, 2001, the examiner

23  indicated that claims 21 and 22 were allowed, but rejected other claims.

24      54.    In response to the Office Action, Wyeth added the following new

25  independent claims:

26          23.    A method for providing a therapeutic blood

27          plasma concentration of venlafaxine over a twenty-four

28          hour period with diminished incidence of nausea and

emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

24. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

25. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses o[f] venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

26. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses o[f] venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an

encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

55. Claims 23-26 of the '629 App. are substantially similar to original claims 9 and 10 of the '137 Parent App.

56. The examiner allowed claims 21-26 without rejection.

57. The '171 patent issued from the '629 App. on August 14, 2001.

### The '958 Patent

58. On June 19, 2001, Wyeth filed Application No. 09/884,412 ("the '412 App.") as a divisional application of the '629 App.

59. The '412 App. was assigned to Examiner James Spear.

60. The '412 App. included the following independent method claims:

21. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

22. A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides

-22-

a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

61.    Claim 21 of the '412 App. is identical to claim 9 of the '137 Parent App.

62.    Claim 22 of the '412 App. is identical to claim 10 of the '137 Parent App.

63.    On June 19, 2001, Wyeth submitted a preliminary amendment in which it, among other things, cancelled claims 21 and 22 of the '412 App., and added the following new claims to the '412 App.:

23.    A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 4 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

24.    A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, extended release formulation that provides a peak blood plasma level of venlafaxine in from about 4 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

64. Claims 23 and 24 of the '412 App. are substantially similar to original claims 9 and 10 of the '137 Parent App.

65. During prosecution of the '412 App., Wyeth's inventors and prosecuting attorneys did not disclose to the examiner (Examiner James Spear) the contrary findings of the earlier examiner (Examiner Amy Hulina) on substantially similar claims.

66. During prosecution of the '412 App., Wyeth's inventors and prosecuting attorneys did not disclose to the examiner (Examiner James Spear) the fact that Wyeth's prosecuting attorney had already agreed with the earlier examiner (Examiner Amy Hulina) to narrow the scope of the substantially similar claims in order to avoid a rejection over Wyeth's own prior art patent - the Upton patent.

67. The information withheld by Wyeth's inventors and prosecuting attorneys was material.

68. Upon information and belief, Wyeth's inventors and prosecuting attorneys withheld this material information from the examiner in order to prosecute claims substantially similar to the previously refused claims and did so with an intent to mislead or deceive the USPTO.

69. The examiner rejected claims 23 and 24 of the '412 App. under the doctrine of obviousness type double patenting as being unpatentable over Claims 20 and 21 of the '171 patent.

70. On April 15, 2002, Wyeth submitted a terminal disclaimer in the '412 App. to overcome the rejection for obviousness type double patenting over the '171 patent.

71. In an Amendment dated April 15, 2002, Wyeth added the following claims to the '412 App.:

> 25. A method for providing a therapeutic drug
> plasma concentration of venlafaxine over a twenty-four
> hour period with diminished incidence of nausea and

emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

26.    A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

27.    A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

28.    A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an

extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

72.   Claims 25-28 of the '412 App. are substantially similar to the original claims 9 and 10 of the '137 Parent App.

73.   The examiner allowed claims 23-28 of the '412 App. without further rejection.

74.   The '958 patent issued from the '412 App. on July 16, 2002.

### The '120 Patent

75.   On September 12, 2001, Wyeth filed Application No. 09/950,965 ("the '965 App.") as a continuation application of the '412 App.

76.   The '965 App. was assigned to Examiner James Spear.

77.   The '965 App. included the following independent method claims:

21.   A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

22.   A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an

encapsulated, extended release formulation that provides
a peak blood plasma level of venlafaxine in from about
four to about eight hours, said formulation containing
venlafaxine hydrochloride as the active ingredient.

78.   Claim 21 of the '965 App. is identical to claim 9 of the '137 Parent
App.

79.   Claim 22 of the '965 App. is identical to claim 10 of the '137 Parent
App.

80.   By preliminary amendment, Wyeth, among other things, cancelled
claims 21 and 22 of the '965 App. and added the following new independent claim
to the '965 App.:

23.   A method for providing therapeutic blood
plasma concentration of venlafaxine over a twenty four
hour period with diminished incidence of nausea and
emesis which comprises administering orally to a patient
in need thereof, an extended release formulation that
provides peak blood plasma levels of venlafaxine of no
more than about 150ng/ml, said formulation containing
venlafaxine hydrochloride as the active ingredient.

81.   Claim 23 of the '965 App. is substantially similar to original claims 9
and 10 of the '137 Parent App.

82.   During prosecution of the '965 App., Wyeth's inventors and
prosecuting attorneys did not disclose to the examiner (Examiner James Spear) the
contrary findings of the earlier examiner (Examiner Amy Hulina) on the
substantially similar claims.

83.   During prosecution of the '965 App., Wyeth's inventors and
prosecuting attorneys did not disclose to the examiner (Examiner James Spear) the
fact that Wyeth's prosecuting attorney had already agreed with the earlier examiner

1   (Examiner Amy Hulina) to narrow the scope of the substantially similar claims in

2   order to avoid a rejection over Wyeth's own prior art patent - the Upton patent.

3         84.    The information withheld by Wyeth's inventors and prosecuting

4   attorneys was material.

5         85.    Upon information and belief, Wyeth's inventors and prosecuting

6   attorneys withheld this material information from the examiner in order to prosecute

7   claims substantially similar to the previously refused claims and did so with an

8   intent to mislead or deceive the USPTO.

9         86.    The examiner allowed claim 23 of the '965 App. without rejection.

10         87.    The '120 patent issued from the '965 App. on June 11, 2002.

11   **Counterclaim Count I**

12   **Declaratory Judgment of Unenforceability of the '171 Patent Due to Inequitable Conduct**

13

14         88.    Wockhardt Limited repeats and realleges the averments contained in

15   paragraphs 1-87 of its counterclaims.

16         89.    An actual controversy exists between Wyeth and Wockhardt Limited

17   concerning the enforceability of the '171 patent.

18         90.    During prosecution of the '171 patent, Wyeth failed to disclose to the

19   examiner reviewing its patent application a contrary finding by an earlier examiner

20   on substantially similar claims in the original parent application (the '137 Parent

21   App.).

22         91.    During prosecution of the '171 patent, Wyeth failed to disclose to the

23   examiner reviewing its patent application the fact that Wyeth had already agreed

24   with the earlier examiner to narrow the scope of the substantially similar claims in

25   the original parent application in order to avoid a rejection over Wyeth's own prior

26   art patent.

27         92.    The information withheld by Wyeth was material.

28

1    93.    Upon information and belief, Wyeth withheld the information with an
2 intent to deceive or mislead the examiner.

3    94.    The '171 patent is unenforceable due to inequitable conduct before the
4 United States Patent and Trademark Office.

5
6                        **Counterclaim Count II**
7    **Declaratory Judgment of Unenforceability of the '958 Patent Due to
                        Inequitable Conduct**

8    95.    Wockhardt Limited repeats and realleges the averments contained in
9 paragraphs 1-87 of its counterclaims.

10    96.    An actual controversy exists between Wyeth and Wockhardt Limited
11 concerning the enforceability of the '958 patent.

12    97.    During the chain of prosecution that led to the '958 patent, Wyeth failed
13 to disclose to the examiner reviewing its patent application a contrary finding by an
14 earlier examiner on substantially similar claims in the original parent application
15 (the '137 Parent App.).

16    98.    During the chain of prosecution that led to the '958 patent, Wyeth failed
17 to disclose to the examiner reviewing its patent application the fact that Wyeth had
18 already agreed with the earlier examiner to narrow the scope of the substantially
19 similar claims in the original parent application in order to avoid a rejection over
20 Wyeth's own prior art patent.

21    99.    The information withheld by Wyeth was material.

22    100.    Upon information and belief, Wyeth withheld the information with an
23 intent to deceive or mislead the examiner.

24    101.    The '958 patent is unenforceable due to inequitable conduct before the
25 USPTO.

26
27
28

## Counterclaim Count III
### Declaratory Judgment of Unenforceability of the '120 Patent Due to Inequitable Conduct

102.   Wockhardt Limited repeats and realleges the averments contained in paragraphs 1-87 of its counterclaims.

103.   An actual controversy exists between Wyeth and Wockhardt Limited concerning the enforceability of the '120 patent.

104.   During the chain of prosecution that led to the '120 patent, Wyeth failed to disclose to the examiner reviewing its patent application a contrary finding by an earlier examiner on substantially similar claims in the original parent application (the '137 Parent App.).

105.   During the chain of prosecution that led to the '120 patent, Wyeth failed to disclose to the examiner reviewing its patent application the fact that Wyeth had already agreed with the earlier examiner to narrow the scope of the substantially similar claims in the original parent application in order to avoid a rejection over Wyeth's own prior art patent.

106.   The information withheld by Wyeth was material.

107.   Upon information and belief, Wyeth withheld the information with an intent to deceive or mislead the examiner.

108.   The '120 patent is unenforceable due to inequitable conduct before the USPTO.

## Counterclaim Count IV
### Declaratory Judgment of Noninfringement of the '171 Patent

109.   Wockhardt Limited repeats and realleges the averments contained in paragraphs 1-87 of its counterclaims.

110.   An actual controversy exists between Wyeth and Wockhardt Limited concerning Wyeth's averment of infringement of the '171 patent.

1      111.   The commercial manufacture, use, importation, offer for sale and/or

2  sale of the Proposed Wockhardt Products will not infringe any valid and enforceable

3  claim of the '171 patent.

4      112.   Wockhardt Limited has not infringed the '171 patent by filing ANDA

5  No. 78-865 because the commercial manufacture, use, importation, offer for sale,

6  and/or sale of the Proposed Wockhardt Products will not infringe any valid and

7  enforceable claim of the '171 patent.

8      113.   Wockhardt Limited is entitled to a declaratory judgment that it does not

9  infringe any valid and enforceable claim of the '171 patent.

10
               **Counterclaim Count V**
11
   **Declaratory Judgment of Noninfringement of the '958 Patent**

12     114.   Wockhardt Limited repeats and realleges the averments contained in

13  paragraphs 1-87 of its counterclaims.

14     115.   An actual controversy exists between Wyeth and Wockhardt Limited

15  concerning Wyeth's averment of infringement of the '958 patent.

16     116.   The commercial manufacture, use, importation, offer for sale and/or

17  sale of the Proposed Wockhardt Products will not infringe any valid and enforceable

18  claim of the '958 patent.

19     117.   Wockhardt Limited has not infringed the '958 patent by filing ANDA

20  No. 78-865 because the commercial manufacture, use, importation, offer for sale,

21  and/or sale of the Proposed Wockhardt Products will not infringe any valid and

22  enforceable claim of the '958 patent.

23     118.   Wockhardt Limited is entitled to a declaratory judgment that it does not

24  infringe any valid and enforceable claim of the '958 patent.

25
              **Counterclaim Count VI**
26
   **Declaratory Judgment of Noninfringement of the '120 Patent**

27     119.   Wockhardt Limited repeats and realleges the averments contained in

28  paragraphs 1-87 of its counterclaims.

120.   An actual controversy exists between Wyeth and Wockhardt Limited concerning Wyeth's averment of infringement of the '120 patent.

121.   The commercial manufacture, use, importation, offer for sale and/or sale of the Proposed Wockhardt Products will not infringe any valid and enforceable claim of the '120 patent.

122.   Wockhardt Limited has not infringed the '120 patent by filing ANDA No. 78-865 because the commercial manufacture, use, importation, offer for sale, and/or sale of the Proposed Wockhardt Products will not infringe any valid and enforceable claim of the '120 patent.

123.   Wockhardt Limited is entitled to a declaratory judgment that it does not infringe any valid and enforceable claim of the '120 patent.

### Counterclaim Count VII
### Declaratory Judgment of Invalidity of the '171 Patent

124.   Wockhardt Limited repeats and realleges the averments contained in paragraphs 1-87 of its counterclaims.

125.   An actual controversy exists between Wyeth and Wockhardt Limited concerning the validity of the '171 patent in view of Wyeth's averment of infringement of the '171 patent.

126.   Each claim of the '171 patent is invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

127.   Wockhardt Limited is entitled to a declaratory judgment that the '171 patent is invalid.

### Counterclaim Count VIII
### Declaratory Judgment of Invalidity of the '958 Patent

128.   Wockhardt Limited repeats and realleges the averments contained in paragraphs 1-87 of its counterclaims.

61116/2427513.1

129. An actual controversy exists between Wyeth and Wockhardt Limited concerning the validity of the '958 patent in view of Wyeth's averment of infringement of the '958 patent.

130. Each claim of the '958 patent is invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

131. Wockhardt Limited is entitled to a declaratory judgment that the '958 patent is invalid.

## Counterclaim Count IX
### Declaratory Judgment of Invalidity of the '120 Patent

132. Wockhardt Limited repeats and realleges the averments contained in paragraphs 1-87 of its counterclaims.

133. An actual controversy exists between Wyeth and Wockhardt Limited concerning the validity of the '120 patent in view of Wyeth's averment of infringement of the '120 patent.

134. Each claim of the '120 patent is invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

135. Wockhardt Limited is entitled to a declaratory judgment that the '120 patent is invalid.

## Prayer For Relief

WHEREFORE, Wockhardt Limited respectfully requests this Court enter a Judgment and Order:

(1) dismissing the Complaint, and each and every Claim for Relief contained therein, with prejudice;

(2) declaring the claims of United States Patent No. 6,274,171 unenforceable due to inequitable conduct;

(3) declaring the claims of United States Patent No. 6,419,958 unenforceable due to inequitable conduct;

1    (4)    declaring the claims of United States Patent No. 6,403,120

2  unenforceable due to inequitable conduct;

3    (5)    declaring that no valid and enforceable claim of United States Patent

4  No. 6,274,171 has been infringed by Wockhardt Limited directly, by inducement of

5  infringement, or otherwise;

6    (6)    declaring that no valid and enforceable claim of United States Patent

7  No. 6,419,958 has been infringed by Wockhardt Limited directly, by inducement of

8  infringement, or otherwise;

9    (7)    declaring that no valid and enforceable claim of United States Patent

10  No. 6,403,120 has been infringed by Wockhardt Limited directly, by inducement of

11  infringement, or otherwise;

12    (8)    declaring the claims of United States Patent No. 6,274,171 invalid;

13    (9)    declaring the claims of United States Patent No. 6,419,958 invalid;

14    (10)   declaring the claims of United States Patent No. 6,403,120 invalid;

15    (11)   declaring this case exceptional pursuant to 35 U.S.C. § 285 and

16  awarding Wockhardt Limited its attorneys' fees, costs, and expenses; and

17    (12)   granting such other and further relief as this Court may deem just and

18  proper.

19

20

21

22

23

24

25

26

27

28

1

2  DATED: March 10, 2008     QUINN EMANUEL URQUHART OLIVER &
                             HEDGES, LLP
3                            RANDA A.F. OSMAN
                             ANDREW M. BERDON
4

5

                          By
6                            Andrew M. Berdon (*admitted pro hac vice*)
                             Attorneys for Defendant
7                            WOCKHARDT LIMITED

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2     I am employed in the County of Los Angeles, State of California. I am over
the age of eighteen years and not a party to the within action; my business address is
3     Apex Attorney Services, 1055 West Seventh Street, Suite 250, Los Angeles, CA
90017.

4

5     On March 10, 2008, I served true copies of the following document(s)
**Answer and Counterclaims** described as ˙on the parties in this action as follows:

6                         James S. Blackburn
                        Laurence J. Hutt
7                         ARNOLD & PORTER LLP
                        777 South Figueroa Street, 44th Floor
8                         Los Angeles, California  90017-5844
                        email:
9                         James.Blackburn@aporter.com
                        email:  Laurence.Hutt@aporter.com
10                        Tel:  (213) 243-4000
                        Fax:  (213) 243-4199

11

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of
12     the person(s) being served.

13     I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

14

15     Executed on March 10, 2008, at Los Angeles, _____.

16

17     _____
                                George Ramirez

18

19

20

21

22

23

24

25

26

27

28

61116/2429008.1

1

## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over
3 the age of eighteen years and not a party to the within action; my business address is
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

4        On March 10, 2008, I served true copies of the following document(s)
5 **ANSWER AND COUNTERCLAIM** described as on the parties in this action as
follows:

6

> Allen M. Sokal
> Finnegan, Henderson, Farabow,
> Garrett & Dunner, L.L.P.
> 901 New York Avenue, NW
> Washington, DC 20001-4413
> email:  allen.sokal@finnegan.com
> Tel:  (202) 408-4014
> Fax:  (202) 408-4400

7

8

9

10

11

12    **BY FEDEX:**  I deposited such document(s) in a box or other facility
regularly maintained by FedEx, or delivered such document(s) to a courier or driver
13 authorized by FedEx to receive documents, in sealed envelope(s) or package(s)
designated by FedEx with delivery fees paid or provided for, addressed to the
14 person(s) being served.

15        I declare that I am employed in the office of a member of the bar of this Court
16 at whose direction the service was made.

17        Executed on March 10, 2008, at Los Angeles, California.

18

19

20 Leticia Bustinduy

21

22

23

24

25

26

27

28

61116/2429014.1

Case No. 07--5166-JVS